(6 Misc. Rep. 64.)

UNION STOVE WORKS v. ARNOUX.

(City Court of New York, General Term. November 27, 1893.)

ACTION ON CONTRACT—APPROVAL BY THIRD PERSON.
  In an action for the price of work, which defendant agreed to pay for if approved by one C., the complaint will not be dismissed on the ground that there was no evidence of approval by C., where it appears that defendant failed to furnish the address of C. on plaintiff's application, or to assist plaintiff in getting either an approval or disapproval by C., and there is no evidence that C. at any time disapproved of the work done by plaintiff.

Appeal from trial term.

Action by the Union Stove Works against William H. Arnoux to recover for work done and goods sold. From a judgment entered on a verdict in favor of plaintiff, and on an order denying a motion for new trial, defendant appeals. Affirmed.

Argued before VAN WYCK, McCARTHY, and NEWBURGER, JJ.

David F. Batcheller, for appellant.
Phillips & Avery, for respondent.

NEWBURGER, J. This is an appeal from a judgment in favor of the plaintiff and against the defendant, entered upon the verdict of

jury, and from an order denying defendant's motion for a new trial. This action was brought to recover the purchase price of stoves, with attachments thereto, and labor performed in setting same in certain buildings in the city of New York. The plaintiff claims that the goods were delivered and the work rendered upon the credit of defendant, who agreed to pay for the same, provided it met with the approval of one Campbell. No question was raised on the trial as to the number of ranges, or their value, or that the work performed by plaintiff was not performed in a good and workmanlike manner. On the trial, after plaintiff had rested, defendant moved to dismiss the complaint upon the ground that the allegations of the said complaint are that Joseph Campbell approved of said contract, approved of all materials and labor furnished and performed by the plaintiff, and that on the contract plaintiff was to obtain the approval of Joseph Campbell, and for entire failure of proof to sustain these allegations; and on the further ground that the approval of Joseph Campbell to said work never had been obtained, and plaintiff's proofs showed an absolute failure to obtain any such approval. The motion was denied, and exception taken. The defendant was not a guarantor, as is claimed in the elaborate brief submitted. The adding of the words, "Joseph Campbell must approve," did not change the relation of the parties. Plaintiff's witnesses testified that the credit was given to the defendant only. It was an original contract for labor and materials, made with the defendant, and upon his contract. But, says the defendant, the plaintiff has failed to show "approval by Campbell." Plaintiff did all that could be expected or was required by him. Two of plaintiff's employes testified that they called on defendant, and requested the address of Campbell, for the purpose of procuring his approval. Defendant failed, however, to furnish such address, or assist plaintiff either in getting such approval or a disapproval; nor is there any evidence in the case that Campbell at any time disapproved of the goods sold or work furnished by plaintiff. Campbell was the defendant's agent, and if he unreasonably and in bad faith refused his approval the plaintiff is not to be held responsible, but he may establish by other evidence his right to recover. The trial justice therefore properly denied the motion to dismiss. The case was properly submitted to the jury, and there are no exceptions that would warrant us in disturbing the verdict. Judgment affirmed, with costs. All concur.